The Honorable John C. Coughenour

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                  AT SEATTLE

9   JERRY D. LOVEALL,

10                              Plaintiff,        No. C08-0482-JCC

11          v.                                    **STIPULATION AND AGREED MOTION
                                                  TO CONTINUE TRIAL DATE AND
12   SAFEWAY INC., A Delaware Corp.,              MODIFY SCHEDULING ORDER**

13                              Defendant.        NOTE ON MOTION CALENDAR:
                                                  Friday, March 27, 2009
14

15                          I.       **__INTRODUCTION__**

16
            Pursuant to Federal Rule of Civil Procedure 16(b), Defendant Safeway Inc. and Plaintiff
17
    Jerry D. Loveall, (collectively, the "Parties"), respectfully request that the Court modify the
18
    current case schedule so that the current trial date of Monday, October 19, 2009, is extended to
19
    March 22, 2010, with all other deadlines, including the discovery cutoff, continued to correspond
20
    with the revised trial date, to the extent that such dates have not already passed.  The Parties
21
    request this relief because: (i) defense counsel has a direct conflict with the current trial date; and
22
    (ii) despite efforts to work cooperatively in conducting discovery, the Parties will be unable to
23

24

complete discovery before the current discovery deadline. The Parties agree and stipulate to the requested change.

## II. FACTS

A. Defense counsel has a direct conflict with the current trial date. Specifically, defense counsel represents the defendants in the matter of Ferrante v. Costco Wholesale Corporation et al., U.S. District Court for the Western District of Washington at Seattle, Case No. C08-0591-RAJ, which is set for trial on October 13, 2009. There is a strong possibility that the Ferrante trial will last into the week of October 19, 2009, which is the date on which the trial in this matter is currently scheduled to begin. Costco is one of defense counsel's long-standing clients and responsibility for trial of the Ferrante matter cannot be given to another lawyer.

B. Defense counsel also has five trials scheduled to commence in September 2009. These matters are: (i) Briggs v. Public Utility District No. 2 of Grant County, Chelan County Superior Court, Case No. 06-2-01050-1, which has a scheduled trial date of September 8, 2009, (ii) Hanby v. Safeway Inc., U.S. District Court for the Western District of Washington at Seattle, Case No. 07-1610 RSL, which has a scheduled trial date of September14, 2009; (iii) Bidon v. Costco Wholesale Corporation, King County Superior Court, Case No. 08-2-09982-2 SEA, which has a scheduled trial date of September14, 2009; (iv) Taylor v. MultiCare Health System et al., Pierce County Superior Court, Case No. 07-2-09249-3, which has a scheduled trial date of September 21, 2009, and (v) Beardshear v. Safeway Inc., U.S. District Court for the Western District of Washington at Tacoma, Case No. 08-5108 BHS, which has a scheduled trial date of September 29, 2009. Even if one or two of these cases are resolved before trial, defense counsel's trial schedule will make it impossible to adequately prepare this case by the current

STIPULATION AND AGREED MOTION TO CONTINUE
TRIAL DATE - 2
C08-0482-JCC

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 676-8440

trial date.  As with the <u>Ferrante</u> matter, responsibility for trying these cases cannot be given to another lawyer.

C.      Plaintiff's counsel has a trial scheduled to begin on November 9, 2009, in the matter of <u>Eric Brown v. Wasp, Inc.</u>, King County Superior Court Cause # 07-2-29849-5 SEA.

D.      Plaintiff's and defense have attempted to work cooperatively in scheduling depositions and conducting other discovery.  Despite these efforts, counsel's respective trial and case schedules are such that discovery cannot be completed before the current discovery deadline.  Plaintiff's counsel is a solo practitioner with a very busy case load.  Plaintiff's and defense counsel's firms do not have the staff or resources to simply shift responsibility for the above-referenced cases to other lawyers in their respective firms.

### III.      <u>ARGUMENT</u>

The Parties' Stipulation and Agreed Motion to Continue Trial Date and Modify Case Schedule is based upon the Federal Rules of Civil Procedure, corresponding case law, and the Court's power to control its calendar.  Orders entered before the final pretrial conference may be modified upon a showing of "good cause."  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992) <u>citing</u> Fed.R.Civ.P. 16(b).[1]  In this particular context, "good cause" means that the scheduling deadlines cannot reasonably be met despite the diligence of the party seeking the extension.  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999) <u>citing</u> <u>Johnson</u>, 975 F.2d at 609.  To demonstrate diligence, the moving parties may show:  (i) that it was diligent in assisting the Court in creating a workable Rule 16 order; (ii) that any actual or

---

[1] "The use of the good-cause standard, rather than allowing modification only in cases of manifest injustice as is done for pretrial orders, indicates that there may be more flexibility in allowing some relief. . . . this more liberal standard was included in recognition that the scheduling order is entered early in the litigation and that if a stricter approach to modification were adopted, counsel might be encouraged to request the longest possible time for completing pleading, joinder, and discovery because of fear that an extension would be impossible."  Wright & Miller, 6A Fed. Prac. & Proc. Civ.2d § 1522.1 (2d ed. 1990).

STIPULATION AND AGREED MOTION TO CONTINUE
TRIAL DATE - 3
C08-0482-JCC

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440

anticipated noncompliance resulted from circumstances not reasonably anticipated at the time of the scheduling conference; and (iii) that a prompt request for modification was made once it became apparent that compliance was not possible. <u>Jackson</u>, 186 F.R.D. at 608.

Here, "good cause" exists for modifying the current trial date and related case schedule. As discussed in the Statement of Facts, the Parties jointly seek the Court's relief because, despite their diligence, the current trial and related dates cannot reasonably be met for these reasons:

    (i)    Defense counsel has a trial in another matter that is set to begin on October 13, 2009, which is expected to last into the week of October 19 and present a direct conflict with the current trial date in this matter;

    (ii)    The trial and case schedules of plaintiff's and defense counsel are such that the Parties will be unable to complete discovery in time to meet the current discovery cutoff and prepare for trial; and

    (iii)    The size and nature of plaintiff's and defense counsel's firms are such that responsibility for conducting the trials for the above-referenced matters cannot be redistributed to other attorneys.

The adjustment of the trial date is supported by good cause, the Parties have agreed to adjustment, and the move to March 22, 2010, or a later date, is necessitated by the trial and case schedules of both parties.

## IV. <u>CONCLUSION</u>

For the above-stated reasons, the Parties respectfully request that the Court grant their Stipulation and Agreed Motion to Continue Trial Date and Modify Case Schedule and adjust the trial date to Monday, March 22, 2010, or a later date, with all other deadlines, including the discovery cutoff, continued to correspond with the revised trial date, to the extent that such dates have not already passed.

//

//

//

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 676-8440

//

DATED this 27th day of March, 2009.            DATED this 27th day of March, 2009.

**WINTERBAUER & DIAMOND P.L.L.C.**            **JOHN R. WALICKI**

_____            _____
Steven H. Winterbauer, WSBA # 16468          John R. Walicki, WSBA # 19179
Ami M. De Celle, WSBA # 33845                Attorney for Plaintiff
Attorneys for Defendant

## II.    AGREED ORDER.

IT IS SO ORDERED. The Court SETS the following amended dates and deadlines:

Jury Trial Date:                    March 22, 2010, at 9:30 a.m.

Pretrial Order due by:              March 11, 2010

39.1 mediation to be completed by:  September 4, 2009

Trial briefs, proposed voir dire, and
proposed jury instructions due by:  March 18, 2010

Dated this 1st day of April, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

I hereby certify that on March 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. John R. Walicki
John R. Walicki Attorney at Law
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

_____
Emily Murphy
Legal Assistant
WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Phone: 206-676-8440
Fax: 206-676-8441
mail@winterbauerdiamond.com

STIPULATION AND AGREED MOTION TO CONTINUE
TRIAL DATE - 6
C08-0482-JCC

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 676-8440